1
2
3
4
5
6
7              UNITED STATES DISTRICT COURT

8                 EASTERN DISTRICT OF CALIFORNIA

9
10

JESSE WAYNE REED,                    1:10-CV-02048 OWW SMS HC

11
                    Petitioner,      ORDER DISMISSING PETITION FOR WRIT
12                                   OF HABEAS CORPUS

13      v.                           ORDER DENYING MOTION FOR
                                     EXTENSION OF TIME
14                                   [Doc. # 16]

15                                   ORDER DIRECTING CLERK OF COURT
   JAMES D. HARTLEY, Warden,         TO ENTER JUDGMENT AND CLOSE CASE
16
                    Respondent.      ORDER DECLINING ISSUANCE OF
17   _____/   CERTIFICATE OF APPEALABILITY

18
         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
19
   pursuant to 28 U.S.C. § 2254.
20
         On November 4, 2010, Petitioner filed the instant petition for writ of habeas corpus.  He
21
   challenges the California court decisions upholding an August 26, 2009, decision of the California
22
   Board of Parole Hearings.  He claims the California courts unreasonably determined that there was
23
   some evidence he posed a current risk of danger to the public if released.  In addition, he claims the
24
   7-year denial of parole pursuant to Marsy's Law constitutes an ex post facto violation.
25
         On January 27, 2011, Respondent filed an answer.  Respondent contends Petitioner is not
26
   entitled to relief because it is undisputed Petitioner received all of his due process protections as set
27
   forth by the Supreme Court in Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627
28

1   (2011).  Petitioner filed an initial motion for extension of time which the Court granted on

2   February 10, 2011.  On March 14, 2011, Petitioner filed a second motion for extension of time.

3   Because the Court agrees with Respondent that relief for the claims presented in this case is clearly

4   unavailable in light of Swarthout, the Court finds a traverse to be unnecessary and purposeless.[1]

5          In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a

6   prisoner who has been denied parole received due process is limited to determining whether the

7   prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why

8   parole was denied." Id., citing, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442

9   U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his parole hearing,

10  was given an opportunity to be heard, and was provided a statement of reasons for the parole board's

11  decision. (See Resp't's Answer Ex. 1.) According to the Supreme Court, this is "the beginning and

12  the end of the federal habeas courts' inquiry into whether [the prisoner] received due process."

13  Swarthout, 131 S.Ct. at 862.  "The Constitution does not require more [process]." Greenholtz, 442

14  U.S. at 16. Therefore, Petitioner's challenge to the California court decision finding some evidence

15  supported the Board's decision fails to present a cognizable federal claim for relief and must be

16  summarily dismissed.

17         Likewise, there is no merit to Petitioner's assertion that Proposition 9, the "Victims' Bill of

18  Rights Act of 2008: Marsy's Law" violates the ex post facto clause.  The ex post facto clause of the

19  United States Constitution prohibits the states from passing any "ex post facto law," a prohibition

20  that "is aimed at laws 'that retroactively alter the definition of crimes or increase the punishment for

21  criminal acts.'" Cal. Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995); see also Weaver v.

22  Graham, 450 U.S. 24, 28 (1981) (providing that "[t]he ex post facto prohibition forbids the Congress

23  and the States to enact any law 'which imposes a punishment for an act which was not punishable at

24  the time it was committed; or imposes additional punishment to that then prescribed.'"). The United

25  States Supreme Court has held that "[r]etroactive changes in laws governing parole of prisoners, in

26  _____

27         [1]While Rule 5(e) of the Rules Governing Section 2254 Cases permits the filing of a reply/traverse to the answer,
    the Advisory Committee Notes to Rule 5 state that the reply/traverse "tends to be a mere pro forma refutation of the return,
28  serving little if any expository function," and "is not required except in those instances where it will serve a truly useful
    purpose."

some instances, may be violative of this precept." <u>Garner v. Jones</u>, 529 U.S. 244, 250 (2000).

Petitioner claims an ex post facto violation occurred when Proposition 9 was applied to him retroactively.  Prior to passage of Proposition 9, Petitioner was eligible for annual parole review hearings.  Following the passage of Proposition 9, Petitioner was denied parole and the subsequent parole hearing has been set for 7 years.

In <u>Morales</u>, a California statute changed the frequency of reconsideration hearings for parole from every year to up to three years for prisoners convicted of more than one murder. 514 U.S. at 503.  The Supreme Court determined the statute did not violate ex post facto because the retroactive application of the change in California law did not create "'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" <u>Garner v. Jones</u>, 529 U.S. 244, 250 (2000), *quoting*, <u>Morales</u>, 514 U.S. at 509.  The Supreme Court noted that the law "did not modify the statutory punishment for any particular offenses," it did not "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic structure of California's parole law." <u>Garner</u>, 529 U.S. at 250, *citing*, <u>Morales</u>, 514 U.S. at 507.  Likewise, in this case Proposition 9 did not modify the punishment for Petitioner's offenses of first degree murder and robbery, it did not alter his initial parole eligibility date, and it did not change the basic structure of California's parole law.  The board must consider the same factors in determining parole suitability as before.  <u>See</u> Cal. Penal Code 3041(b); Cal. Code Regs., tit. 15, § 2402(b).

Nevertheless, as noted above, in <u>Garner</u> the Supreme Court found that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S. at 250.  In <u>Garner</u>, the Supreme Court determined that an amendment to Georgia's parole law did not violate ex post facto even where the frequency of reconsideration hearings was changed from every three years to every eight years. <u>Id</u>. at 256.  The Court held that it could not conclude that the change in Georgia law lengthened the prisoner's time of actual imprisonment because Georgia law vested broad discretion with the parole board to set a prisoner's date of rehearing.  <u>Id</u>. at 254-56.  In addition, the Court found it significant that the parole board's own policies permitted "expedited parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives new information that would warrant a sooner review." <u>Id</u>. at 254 [Citation.].

1   Here, the California parole board is still vested with broad discretion in selecting a date of

2   rehearing from three years to 15 years.  While it is true that Petitioner is no longer eligible for annual

3   parole review hearings as determined by the Board, and a date must be set at the minimum of three

4   years, the Board retains the discretion, as did the Georgia parole board in Garner, to advance a

5   hearing at any time should there be a change in circumstances. Pursuant to Cal. Penal Code

6   § 3041.5(b)(4), the Board

7   
8   
9   

> may in its discretion, after considering the views and interests of the victim, advance a hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner provided in paragraph (3).

10   Based on the Supreme Court's holding in Garner, this Court does not find, and Petitioner has not

11   demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility of

12   producing the prohibited effect of increasing the measure of punishment for covered crimes."

13   Garner, 529 U.S. at 251, quoting, Morales, 514 U.S. at 509; see also Gilman v. Schwarzenegger, ___

14   F.3d ___, 2011 WL 198435, *8 (9th Cir. Jan. 24, 2011) (Ninth Circuit determined that Proposition 9

15   does not create a significant risk of prolonging plaintiffs' incarceration; therefore, plaintiffs' are

16   unlikely to succeed on merits of ex post facto claim).  For the above reasons, Petitioner's challenge to

17   Proposition 9, "Marsy's Law," fails.

18   Certificate of Appealability

19   A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

20   district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

21   El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue

22   a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

23   
24   

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

25   
26   

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

27   
28   

> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with prejudice;

2) Petitioner's motion for extension of time to file a traverse is DENIED;

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    March 28, 2011                          /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE